IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| EMC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 11CV2643 JAR/JPO |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ORANGEPOINT, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

In this case, EMC Corporation ("EMC") alleges that its trade secrets and confidential information were misappropriated by OrangePoint, LLC ("OrangePoint"), that OrangePoint interferes with EMC's contractual relationship with its former employees by, inter alia, soliciting them to leave EMC to join OrangePoint, knowingly possessing and using EMC property, and causing former employees to solicit business from EMC's customers. Accordingly, in the course of this litigation, the parties may be requested and required to produce documents and provide information and testimony that includes confidential information, including but not limited to proprietary, trade secret, and other commercially sensitive information relating to the parties' business practices, financial records, competitive business strategies, research and development, technologies, confidential contracts, client information, revenue and revenue projections, sales records and sales projections, and other non-public information. The parties agree that public disclosure of this commercially sensitive information would cause specific harm to EMC, OrangePoint, and/or to others not party to this litigation, and therefore, the production of this information is subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c)(2) and/or

K.S.A. 60-3320, *et seq*.  In addition, good cause exists because without a protective order, discovery in this case could be substantially hampered by each party's need to determine contemporaneously whether particular materials, information, and testimony are legally entitled to protection as trade secrets, proprietary information, or otherwise.

Therefore, pursuant to Fed. R. Civ. P. 26(c)(1) and based on the foregoing stipulation and findings, **THIS COURT HEREBY ORDERS AS FOLLOWS**:

1. **Definitions**.

   a. The term "ACTION" means *EMC Corporation v. OrangePoint, LLC,* Case No. 11-CV-2643 JAR/JPO, pending in the United States District Court for the District of Kansas.

   b. The term "PARTY" means any party to this ACTION.

   c. The term "PERSON" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

   d. The term "DISCOVERY MATERIAL" means all documents, things, depositions, interrogatory responses, responses to requests for admission, affidavits, declarations, exhibits, pleadings, briefs, transcripts, testimony, and any other material that may be made available for inspection, produced, given, submitted to the Court, or exchanged by and among the PARTIES and any non-parties to this ACTION.

   e. The term "CONFIDENTIAL MATERIAL" means any DISCOVERY MATERIAL that has been designated "CONFIDENTIAL" by any

PARTY or third party pursuant to the procedures set forth in this document.

f.   The term "ATTORNEYS' EYES ONLY MATERIAL" means any DISCOVERY MATERIAL that has been designated "ATTORNEYS' EYES ONLY" by any PARTY or third party pursuant to the procedures set forth in this document.

g.   The terms "DISCLOSE" or "DISCLOSURE" mean to show, give, make available, or communicate in any fashion to any PERSON any portion of any DISCOVERY MATERIAL.

h.   The term "DOCUMENT" has the widest meaning accorded to it under the Federal Rules of Civil Procedure and the case law construing them.

i.   The term "ESI" means electronically stored information,  including files, databases, or programs stored on any digital or analog machine-readable device, computers, drives, discs, networks or tapes.

j.   The term "DESIGNATING PARTY" means any PARTY or third-party who designates CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL pursuant to the procedures set forth in this document.

k.   The term "RECEIVING PARTY" means any PARTY to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is DISCLOSED.

l.   The term "PRODUCING PARTY" means any PARTY or third party who produces or discloses DISCOVERY MATERIAL.

m. The term "OBJECTING PARTY" means any PARTY who objects to a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL pursuant to the procedures set forth in this document.

2.    **Designation of "CONFIDENTIAL".**    A PARTY may designate as "CONFIDENTIAL" any DISCOVERY MATERIAL that it reasonably and in good faith believes to contain or reflect confidential or proprietary business or commercial material or information, or information of a personal or non-public nature (whether of the DESIGNATING PARTY or a third-party).

3.    **Designation of "ATTORNEYS' EYES ONLY".**  A PARTY may designate as "ATTORNEYS' EYES ONLY" any DISCOVERY MATERIAL that it reasonably and in good faith believes to contain or reflect trade secrets or other highly sensitive confidential or proprietary business or commercial material or non-public information, the disclosure of which to the public, including to business competitors, is likely to cause harm to the DESIGNATING PARTY.

4.    **Procedure for Designation**.

a. **At the time of Production**.   Designation of CONFIDENTIAL MATERIAL and ATTORNEYS' EYES ONLY MATERIAL may be made by the PRODUCING PARTY at the time that the information is produced by stamping each page of all such DOCUMENTS with the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

b. **Previously Produced Documents**.   For DOCUMENTS that have previously been produced or otherwise DISCLOSED between the PARTIES, designation of CONFIDENTIAL MATERIAL and

4

ATTORNEYS' EYES ONLY MATERIAL may be made by any PARTY by identifying in writing the Bates number designation of any such DOCUMENTS and the applicable designation.

c. **By a RECEIVING PARTY.**   Whenever a PARTY wishes to designate material produced by another PARTY or a third party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," counsel for that PARTY shall do so by submitting a written designation to counsel for all PARTIES within thirty (30) days of production.

5.    **Electronically Stored Information (ESI).**   The PARTIES anticipate the production of a substantial volume of ESI in this case, some of which one or more PARTIES may wish to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Designation of ESI as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made either in the manner designated above for non-ESI materials, or, in the event such manner is not possible or practicable, (a) by causing an electronic label to be affixed to each page of the ESI produced; or (b) by affixing the marking on the label of the CD-ROM or DVD containing the ESI.    Whenever any PARTY who receives ESI designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" reduces such material to hard-copy form, such PARTY shall ensure that such hard-copy documents retain the electronic label designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If such designation is not retained, the PARTY printing the ESI must mark the hard-copy documents with the appropriate legend.

6.    **Maintenance of Confidential Material.**  Counsel for the PARTIES shall employ reasonable protective measures to ensure that the information and DOCUMENTS governed by

this Order are used only for the purposes specified herein, and disclosed only to authorized PERSONS.   Counsel and the PARTIES will maintain CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL (if applicable) in a secure place that is reasonably inaccessible to anyone other than PERSONS authorized under this Order to receive such MATERIAL.   In particular, to the extent that any PARTY creates, develops, or otherwise establishes any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database, or program containing CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL, that PARTY must take all necessary steps to ensure that access to such media is properly restricted to those PERSONS who, by the terms of this Order, may have access to the information therein, and shall affix to any media containing CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL the appropriate labels under this Order.

7.   **Depositions.**   Information disclosed or discussed in a deposition may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by making a statement to that effect on the record at the time of a deposition, or by submitting a written designation to counsel for all parties within ten (10) days after receipt of the deposition transcript.   All deposition transcripts shall be treated as ATTORNEYS' EYES ONLY MATERIAL until the expiration of ten (10) days following the receipt of the deposition transcript unless the PARTIES agree otherwise.   In the event that any PARTY fails, at the time or in the manner set forth in this paragraph, to designate any document or information in a deposition transcript as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL, and later determines that it ought to be so designated, such PARTY may later so designate any document or information unless the Court, upon motion by any other PARTY, denies the designation of the

documents or information as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL.

8.   **Written Discovery Responses.**  Information disclosed or discussed in a written discovery response, including responses to interrogatories and requests for admission, may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by so indicating in the discovery response.  In the event that any PERSON fails to designate any information in a discovery response as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL, and later determines that it ought to be so designated, such PERSON may later so designate such response unless the Court, upon motion by the opposing party, denies the designation of the documents as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL.

9.   **Failure to Designate.**  The inadvertent or mistaken disclosure by a PRODUCING PARTY or third party of discovery material containing or constituting CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL without the designation required under this Order shall not constitute a waiver of any claim of confidentiality, provided that such inadvertence or mistake is brought to the attention of the RECEIVING PARTY promptly upon discovery.  Upon notice of inadvertent or mistaken disclosure, the PRODUCING PARTY shall provide properly marked DOCUMENTS.  Upon notice, the RECEIVING PARTY shall return or destroy said unmarked or mismarked DOCUMENTS and shall treat information contained in said DOCUMENTS and any summaries or notes thereof as DISCOVERY MATERIAL designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

10.   **No Use for Other Purposes.**  All CONFIDENTIAL MATERIAL and ATTORNEYS' EYES ONLY MATERIAL, and all information contained therein, shall be used

for purposes of conducting this ACTION, including any appellate proceedings, and for no other purpose, including, without limitation, any business or commercial purpose, and including, without limitation, any communications with any PERSON who is not authorized to receive such information under this Protective Order, unless the PRODUCING PARTY consents to its use elsewhere.

11.   **Authorized Disclosure of CONFIDENTIAL MATERIAL.**   CONFIDENTIAL MATERIAL shall not be disclosed to any person other than:

(a)   the PARTIES, including the directors, officers, employees, and former employees of the PARTIES who are expected to be witnesses in this ACTION;

(b)   in-house counsel for either PARTY;

(c)   counsel of record and their members, associates, and employees;

(d)   experts or consultants retained or employed in good faith to assist a PARTY in the valuation, prosecution, or defense of the ACTION, including the staff of those experts or consultants, provided that each such expert or consultant agrees to be bound by the terms of this Order and evidences his or her consent by executing the Acknowledgment attached to this Order before receiving CONFIDENTIAL MATERIAL;

(e)   deponents incident to their depositions;

(f)   the Court, the officers and employees of the Court, and members of the jury subject to the requirements of paragraph 7 of the Court's Guidelines for Agreed Protective Orders;

(g)   witnesses who have been disclosed by the RECEIVING PARTY, are expected to testify in this ACTION, and for whose testimony the information is relevant;

(h)   the author of the DOCUMENT to be disclosed, which includes any PERSON who, from the face of the DOCUMENT, is reasonably understood to have assisted in preparation of the DOCUMENT; and

(i)   any other PERSON to whom the DESIGNATING PARTY agrees

in writing or as the Court orders.

12.     **Authorized Disclosure of ATTORNEYS' EYES ONLY MATERIAL.** ATTORNEYS' EYES ONLY MATERIAL, except as provided herein, shall not be disclosed to anyone other than the persons identified in the preceding paragraph, subparagraphs (b), (c), (d), (f), (h) or (i).   Any ATTORNEYS' EYES ONLY MATERIAL that is disclosed to the RECEIVING PARTY'S in-house counsel pursuant to the preceding paragraph, subparagraph (b) shall be disclosed only to <u>one</u> in-house attorney for the RECEIVING PARTY.  The one in-house attorney shall be bound by the terms of this Order, shall use the ATTORNEYS' EYES ONLY MATERIALS solely in accordance with this Order and not for business purposes, and shall not further disclose any ATTORNEYS' EYES ONLY MATERIAL within the RECEIVING PARTY or within the in-house legal department of the RECEIVING PARTY.  For EMC, Leigh Slayne shall be the <u>one</u> in-house attorney to whom ATTORNEYS' EYES ONLY MATERIAL may be disclosed.

13.     **No Unauthorized Disclosure.**   No RECEIVING PARTY will reveal CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL, or the information contained therein, to anyone not entitled to receive the same under the terms of this Order.  In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is either intentionally or inadvertently disclosed to someone not authorized to receive such material under this Order, or if a PERSON so authorized breaches any of his or her obligations under this Order, counsel for the PARTY involved immediately shall disclose the unauthorized disclosure or breach to all other counsel, and also shall use his or her best efforts to obtain the return of all copies of the CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL and to prevent any further disclosures of the same.

14.     **Filing Under Seal.**  If any PARTY intends to submit any argument, affidavit, brief, memoranda, or other paper disclosing CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL to the Court, such PARTY must first file a motion requesting that the designated material be filed under seal.  The moving party must adhere to D. Kan. Rule 5.4.6 for electronically filing document(s) under seal in civil cases, or other local requirements.  Any determination by the Court denying the filing of documents under seal shall not relieve the PARTIES of the non-disclosure obligations described in this Protective Order.  If served upon all PARTIES with full copies of the DOCUMENT(S) sought to be submitted under seal attached, the date on which such a motion seeking leave to file the DOCUMENT(S) under seal is filed shall also constitute the date of filing for purposes of meeting any filing deadlines.

15.     **Non-Parties.**  A non-party that is obligated to provide discovery in this action by deposition, production of documents or otherwise, may request the protections of this Order as to said non-party's information, and such non-party shall be afforded such protections upon signing the Acknowledgement attached hereto, as if it were a PARTY for purposes of this Stipulated Order. By signing such Acknowledgement, the non-party also agrees to be bound by the terms of this Order and submits to the jurisdiction of this Court for the purpose of enforcement of this Order.

16.     **Procedure for Designation Disputes.**  If a PARTY objects in good faith to the designation of any CONFIDENTIAL MATERIAL  or ATTORNEYS' EYES ONLY MATERIAL,  the OBJECTING PARTY shall so notify the DESIGNATING PARTY within thirty (30) days of such designation, identifying the DOCUMENT, testimony, or other information, setting forth the reasons for the objection, and – if applicable – identifying the PERSON to whom disclosure is proposed.  The PARTIES shall make good faith, reasonable

efforts to confer about the challenged designation.  If the PARTIES are unable to resolve the disagreement, the DESIGNATING PARTY may individually or jointly seek relief from the Court upon at least ten (10) days' notice to the  OBJECTING PARTY, and the PARTIES will cooperate in obtaining a prompt hearing concerning the same.  The PARTY seeking protection bears the burden of proving such protection is warranted.  Until the Court rules on the PARTY'S application or the disagreement is otherwise resolved, the DOCUMENT, testimony, or other information shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Nothing in this Protective Order shall preclude the Court from determining that a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation is unwarranted and ordering the removal or such designation.

17.    **No Waiver of Privilege.**    The inadvertent production of any DISCOVERY MATERIAL will be without prejudice to, will not constitute a waiver of, and will not constitute estoppel as to, any claim that such DISCOVERY MATERIAL is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production.  Upon written notice by the PRODUCING PARTY of an inadvertent production of DISCOVERY MATERIAL containing privileged information, the RECEIVING PARTY will make no further use of such DISCOVERY MATERIAL and will, within ten (10) days, return the DISCOVERY MATERIAL (and all copies thereof) to the PRODUCING PARTY and delete or destroy all records of the contents of such DISCOVERY MATERIAL.  A RECEIVING PARTY (having returned such DISCOVERY MATERIAL) may then move the Court for an order compelling the production of the DISCOVERY MATERIAL, but the motion will not assert as a ground for entering such order the fact or circumstance of the production if such production was inadvertent.

18.     **No Admissions or Prejudice to Other Rights.**  Entering into, agreeing to, and producing or receiving DISCOVERY MATERIAL, or otherwise complying with the terms of this Order, will not:

    a.  Operate as an admission by any PARTY that any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL contains or reflects (or does not contain or reflect) trade secrets or any other type of confidential or proprietary information;

    b.  Prejudice in any way the rights of any PARTY to object to discovery that the PARTY believes to be otherwise improper;

    c.  Prejudice in any way the rights of any PARTY to object to the relevance, authenticity, use, or admissibility of any DOCUMENT, testimony, or other evidence;

    d.  Prejudice in any way the rights of any PARTY to seek a determination by the Court of whether any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL should be subject to the terms of this Order, or to petition the Court for a further or different protective order; or

    e.  Prevent the PARTIES from agreeing in writing to alter or waive the provisions of this Order with respect to any particular DISCOVERY MATERIAL.

19.     **<u>Other Document Subpoenas or Demands.</u>**  If any RECEIVING PARTY is subpoenaed in another action or proceeding or is served with a document demand or compulsory process, including by a governmental agency, and such subpoena or document request seeks

DISCOVERY MATERIAL which was designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by someone other than the RECEIVING PARTY, the RECEIVING PARTY will (a) as soon as practicable advise all counsel in writing of the subpoena or demand, including a copy of the request; (b) object to the production of such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL on the grounds of the existence of this Order, and otherwise cooperate to the extent necessary to permit the PRODUCING PARTY to seek to quash or modify the subpoena or demand; and (c) not DISCLOSE CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL until the PRODUCING PARTY consents in writing or the RECEIVING PARTY is required by court order to DISCLOSE or produce such CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL.

20.     **Return or Destruction of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL.** Within sixty (60) days after receipt of notice of the entry of an order, judgment, or decree finally terminating this Action, including any appeals, a DESIGNATING PARTY who desires that CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL be returned by the RECEIVING PARTY shall notify counsel for the RECEIVING PARTY, and counsel for the RECEIVING PARTY shall return all copies of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL so requested within sixty (60) days after receipt of such notice.  If such notice is not provided, the PARTIES will destroy all CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL so designated by another PARTY that were not requested by such PARTY to be returned.  Notwithstanding the foregoing, outside counsel for the PARTIES shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney work product, all of which may contain CONFIDENTIAL or ATTORNEYS' EYES

ONLY MATERIAL, provided that outside counsel will not use or DISCLOSE any materials so retained except pursuant to court order or agreement with the PRODUCING PARTY.

21.     **Trial.**  In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL is used in any public hearing, trial, or other proceeding in this ACTION, such material will not lose its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL through such use.  The PARTIES will cooperate to attempt to reach agreements, subject to the approval of the Court, regarding the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL at any hearing, trial, or other proceeding that is open to the public.

22.     **Appeal.**  In the event that any PARTY appeals from any decision of the trial court in this ACTION, the PARTIES will, if necessary, file a joint application to the appropriate appellate court to maintain under seal the documents filed with the trial court which contain or DISCLOSE CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL.  In the event that any PARTY decides not to appeal, such PARTY may petition for continued sealing of documents filed with the trial court which contain or DISCLOSE CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL.  The provisions of this paragraph may be waived only with the written consent of the PRODUCING PARTY.

23.     **Additional Parties.**  In the event that any additional PARTY is added to this litigation, each additional PARTY shall be governed by this Order.

24.     **Headings.**  The headings in this Order have been inserted for convenience of reference only and do not in any way restrict the terms or language of the Order.

25.     **Amendment of this Order.**  This Order shall not prejudice a PARTY'S right to seek to amend, modify, or change the terms of this Order by written agreement between the

PARTIES (and relevant third parties, to the extent that their interests are affected), or by Order from the Court.

      26.    **Binding Effect**.  The PARTIES agree to be bound by, and are entitled to rely upon, the terms of this Order immediately, whether or not the Order has been entered by the Court.  This Order shall continue to remain in effect after conclusion of the ACTION.  After the termination of this ACTION the court's power to enforce the Order terminates, but any PARTY may seek leave to reopen this case for the purpose of seeking relief for any violation or threatened violation of this Order.

**IT IS SO ORDERED** this 21st day of February, 2012

                               _/s James P. O'Hara_____
                               James P. O'Hara
                               United States Magistrate Judge

Submitted by:


/s/ Jennifer B. Wieland
Stacey R. Gilman, KS #21892
Jennifer B. Wieland, KS #22444
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
T: (816) 561-7007
F: (816) 561-1888
sgilman@berkowitzoliver.com
jwieland@berkowitzoliver.com


*Counsel for Defendant OrangePoint LLC*

/s/ Tara S. Eberline
Paul D. Popeo (*admitted pro hac vice*)
Michael H. Bunis (*admitted pro hac vice*)
Michael Viano Jr. (*admitted pro hac vice*)
Anita M. C. Spieth (*admitted pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
T: (617) 248-5000
F: (617) 248-4000
ppopeo@choate.com
mbunis@choate.com
mviano@choate.com
aspieth@choate.com


FOULSTON SIEFKIN, LLP
Scott C. Nehrbass, KS #16285
Tara S. Eberline, KS #22576
32 Corporate Woods, Suite 600
9225 Indian Creek Parkway, Suite 600
Overland Park, KS  66210-2000
T: (913) 498 2100
F: (816) 347 9617 fax
snehrbass@foulston.com
teberline@foulston.com

*Counsel for Plaintiff EMC Corporation*


Date:   February 17, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|                        |   |                                      |
|------------------------|---|--------------------------------------|
| EMC CORPORATION,       | ) |                                      |
|                        | ) |                                      |
|              Plaintiff, | ) | CIVIL ACTION NO. 11CV2643 JAR/JPO   |
| v.                     | ) |                                      |
|                        | ) |                                      |
| ORANGEPOINT, LLC,      | ) |                                      |
|                        | ) |                                      |
|             Defendant. | ) |                                      |

## ACKNOWLEDGMENT

The undersigned, on oath, deposes and states as follows:

I, _____, hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "Confidential Material" and "Attorneys' Eyes Only Material" produced by the parties or third parties in the above-referenced action (the "Stipulated Order").

I have read and I understand the provisions of the Stipulated Order, and I hereby represent and warrant that I am bound by it and agree to abide by it.  I further acknowledge that I may be held responsible for any failure on my part to comply with all provisions of the Stipulated Order, and agree to submit myself to the jurisdiction of this Court for purposes of enforcing the Stipulated Order.

Signed under the pains and penalties of perjury in _____(city, state).

Date:_____, 20____

Signature:_____